## SAMUEL FOWLE vs. BOWEN HARRINGTON.

B. H., after the dissolution of a partnership between himself and S. W., made a negotiable promissory note, in the name of the late firm of W. and H., payable to S. W. and S. F. as partners under the firm of W. and F.; and, after a dissolution of the last named firm, and the death of S. W., S. F., in the name of W. and F., indorsed the note to himself: — it was held, that S. F. could not maintain an action on the note, as indorsee; but that as surviving promisee he was entitled to recover, on the money counts, against B. H., either as surviving promisor, if the note had been subsequently ratified by S. W., or as sole promisor, if it had not been so ratified.

THE facts in this case are sufficiently stated in the opinion of the court, which was delivered by

METCALF, J. This is an action of assumpsit against the surviving partner of the late firm of Wheeler and Harrington. The declaration contains the money counts, and also a count on a promissory note, alleged to have been made by the said firm to the firm of Wheeler and Fowle, and by them indorsed to the plaintiff. A trial was had in the court of common pleas, and the case now comes before us on exceptions to the ruling of that court.

It appears, from the bill of exceptions, that the plaintiff gave in evidence a note of the following tenor: "June 13th, 1839. On demand with interest, for value received, we promise to pay Wheeler and Fowle, or order, one hundred and forty dollars and twenty-five cents. For the late firm of Wheeler and Harrington.        Bowen Harrington."

It also appears that evidence was introduced, tending to show that Samuel Wheeler and the defendant had been partners, under the firm of Wheeler and Harrington, and that their partnership was dissolved before the 1st of June, 1839; that the said Wheeler and the plaintiff entered into partnership, before the date of the note in suit, under the firm of Wheeler and Fowle, and that " this note " (to use the words of the exceptions) " was given by Wheeler and Harrington to Wheeler and Fowle ; " that the partnership of Wheeler and Fowle was dissolved in 1841; that Wheeler died on the 1st of June, 1845; and that the plaintiff, on the same day, after the death of Wheeler, indorsed the said note in this manner: " Wheeler and Fowle. Pay to the order of Samuel Fowle."

The defendant contended that, upon this evidence, the action could not be maintained. But the court ruled otherwise, and a verdict was returned for the plaintiff.

We are of opinion that the evidence does not support the count in which the plaintiff claims as indorsee of the note. One partner cannot, after a dissolution of the partnership, make or indorse a note, in the name of the firm, so as to bind the other partner. But the note, in this case, was not only so made by one partner, but was also so indorsed. The plaintiff, therefore, cannot support his claim as indorsee.

We are of opinion, however, that the money counts are supported by the note. The plaintiff, being in possession of it, and the indorsement being a nullity, he holds as surviving promisee, and is the only person who can collect it by suit; the representatives of Wheeler having no legal interest in it. And how stands the defendant? He gave the note in the name of Wheeler and Harrington, after the dissolution of their partnership; and if Wheeler, by afterwards joining with him in giving the note to Wheeler and Fowle, ratified it as a partnership note, then the defendant is rightly sued, as surviving promisor, by the surviving promisee. If Wheeler did not ratify the note, yet the defendant is himself bound by it, according to the doctrine held in *Elliot* v. *Davis*, 2 Bos. & Pul. 338, and is rightly sued, as sole promisor, by the sur-

viving promisee.   In either view of the case, the note sup-
ports the money counts.

*Exceptions overruled.*

A. H. *Nelson*, for the defendant.
W. *Brigham*, for the plaintiff.